**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | |
|---|---|
| **ADAM EARL WOLFE,** * | <div align="center">CLERKS OFFICE US DISTRICT COURT<br>AT HARRISONBURG, VA<br>FILED<br><br>09/24/2025<br><br>LAURA A. AUSTIN, CLERK<br>BY: <u>/s/ Amy Fansler</u><br>DEPUTY CLERK</div> |

**ADAM EARL WOLFE,**          *
                                      *
**and**                               *
                                      *
**JENNIFER MARIE WOLFE,**       *
                                      *
     **Plaintiffs,**            *
                                      *
**v.**                                *     **Civil Action No.:**  5:25cv00102
                                      *
**GENERAL MOTORS, LLC,**         *
                                      *
     **Defendant.**            *
                                      *
<u>**Please Serve:**</u>                *
**Corporation Service Company**   *
**100 Shockoe Slip, FL 2**        *
**Richmond, VA 23219**            *

<u>**COMPLAINT**</u>

Now into Court, through undersigned counsel, comes the Plaintiff, Adam Earl Wolfe and  Jennifer Marie Wolfe and moves the Court for judgment against Defendant General Motors, LLC on the basis of the following facts and laws:

<u>**JURISDICTION**</u>

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code §1332, Plaintiffs are citizens of Winchester, Virginia, and Defendant

General Motors, LLC is a corporation organized under the laws of Delaware with a principal place of business in Michigan. The amount in controversy exceeds $75,000.00.

## VENUE

3.    Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Harrisonburg Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4.    On February 20, 2023, Plaintiff purchased a 2023 GMC Sierra 2500 HD, VIN#: 1GT49PEY5PF201463, for $80,903.02 from Kern Motor Co., Inc. in Winchester Virginia. Kern Motor Co., Inc. is an authorized dealer of Defendant General Motors, LLC for sales and warranty service repair. At the time of purchase, the Subject Vehicle had an odometer reading of 49 miles.

5.    The Subject Vehicle was manufactured and/or distributed by the Defendant General Motors, LLC.

6.    The Subject Vehicle came with a Basic New Vehicle Warranty with Platinum Coverage of 84-month/84,000-mile warranty.

7.    On July 2, 2025, Plaintiff's vehicle went into "*limp mode*" while driving on Rt. 66. The engine light illuminated and the Subject Vehicle would only move at a low rate of speed. The Plaintiff had the Subject Vehicle towed to Kern Motor Co., Inc.

located in Winchester, Virginia.  Warranty repair attempts were made. The Plaintiff picked up the vehicle on August 27, 2025. The vehicle was out of service due to these warranty repair attempts for 56 days.

8.    On September 18, 2025, Plaintiff called Kern Motor Co., Inc. with complaints of the transmission slipping.  Plaintiff was instructed that the soonest Kern Motor Co., Inc. could get the vehicle into the shop would be September 30, 2025.

9.    Despite multiple repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle. Resulting in a cumulative total of more than 56 days out of service. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

## COUNT ONE

## MAGNUSON-MOSS WARRANTY ACT

10.    The facts alleged in Paragraphs 1-9 are incorporated herein by reference.

11.    Plaintiff is a consumer as defined in 15 U.S. Code §2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

12.    The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U. S. Code §2301 (6)(7), respectively.

13.    The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within

a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

14.    Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff Adam Earl Wolfe and   moves the Court for judgement against Defendant General Motors, LLC in the amount of the purchase price of the Subject Vehicle $80,903.02, as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgement interest running from the date of the first repair attempt, post-judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted**,**

**ADAM EARL WOLFE**
**JENNIFER MARIE WOLFE**

By: /s/ James B. Feinman, Esq
     Of counsel

James B. Feinman, Esq., (VSB # 28125)
LAW OFFICE OF JAMES B. FEINMAN
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*